Ms. Susan Starkey Councilmember, Town of Davie 6591 Orange Drive Davie, Florida 33314-3399
Dear Ms. Starkey:
On behalf of the Town of Davie, you ask substantially the following question:
Is a marked police vehicle assigned to a law enforcement officer a commercial vehicle?
According to information provided to this office, a homeowners' association in your town prohibits the parking of commercial vehicles within the community except when parked in the garage of a home with the garage door fully closed. This office has been advised that the term "commercial vehicle" is defined under the homeowners' association rules to "include but not [be] limited to all automobiles, trucks and other vehicular equipment including station wagons, which bear signs or shall have printed on the sides of same reference to any commercial undertaking or enterprise." A homeowner within the community has been advised by the homeowners' association that the parking of a marked police cruiser in the homeowner's driveway may violate the above prohibition against commercial vehicles. The homeowner is a law enforcement officer with the Miami Beach Police Department and has been assigned a marked police cruiser which he parks in his driveway.
A marked police vehicle does not constitute a vehicle with reference to a commercial undertaking or enterprise. The term "commercial" has been generally defined as meaning "mercantile; occupied with commerce, relating to or dealing with commerce . . . derived by commerce or trade; engaged in trade; having financial profit as the primary aim."[1] The Florida Statutes contain various definitions of commercial vehicles. Section 320.01(26), Florida Statutes, in defining a "commercial motor vehicle" for purposes of licensure, specifically excludes vehicles which are owned or operated by a governmental entity.[2] Section 403.413(2)(f), Florida Statutes, defines a "commercial vehicle" as "a vehicle that is owned or used by a business, corporation, association, partnership, or sole proprietorship or any other entity conducting business for a commercial purpose." A "commercial purpose" is defined to mean "for the purpose of economic gain."[3] In addition, this office has been advised that the Davie Town Council has determined that a police vehicle is not a commercial vehicle.
The provision of law enforcement services is an integral and constituent part of government. It is the performance of a governmental duty owed to the general public at large. This office has previously recognized that the assignment of a police vehicle to an officer to drive during off-duty hours to provide quicker response when called to an emergency would be of a direct benefit to the public.[4] In addition, the presence of a police vehicle in a neighborhood may serve as a deterrent to crime. Clearly, the provision of law enforcement services does not constitute a commercial enterprise.
Accordingly, I am of the opinion that a marked police vehicle assigned to a law enforcement officer does not constitute a commercial vehicle.
Sincerely,
Charlie Crist Attorney General
CC/tall
[1] 15A C.J.S. Commercial p. 1 (1967).
[2] And see s. 316.003(66), Fla. Stat., defining "commercial motor vehicle" for purposes of the Uniform Traffic Control Law, as "[a]ny self-propelled or towed vehicle used on the public highways in commerce to transport passengers or cargo, if such vehicle: (a) Has a gross vehicle weight rating of 10,000 pounds or more; (b) Is designed to transport more than 15 passengers, including the driver; or (c) Is used in the transportation of materials found to be hazardous for the purposes of the Hazardous Materials Transportation Act, as amended (49 U.S.C. ss. 1801 et seq.).
[3] Section 403.413(2)(e), Fla. Stat.
[4] Attorney General Opinion 74-384.